IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>**DAVID HAYES** | Criminal No: 3:21-25<br><br>18 U.S.C. § 371<br>18 U.S.C. § 287<br>42 U.S.C. § 1320a-7b(b)<br>18 U.S.C. § 981(a)(1)(C)<br>18 U.S.C. § 982(a)(1)<br>18 U.S.C. § 982(a)(7)<br>28 U.S.C. § 2461(c)<br><br>**INFORMATION** |

COUNT 1

THE UNITED STATES ATTORNEY CHARGES:

1. The defendant, **DAVID HAYES**, and others, defrauded the United States, Medicare, and Medicare patients through a fraudulent kickback scheme that placed profit over care.

2. The defendant, **DAVID HAYES**, had ownership/operational interest in Durable Medical Equipment (DME) companies that billed Medicare. Medicare is a "health care benefit program," as defined by Title 18, United States Code, Section 24(b), in that it is a public plan affecting commerce under which medical benefits, items, and services are provided to individuals and under which individuals and entities who provide medical benefits, items, or services may obtain payments. Medicare is a "Federal health care program" as defined in Title 42, United States Code, Section 1320a-7b(f).

3. Claims can only be submitted to Medicare for reasonable and medically necessary

1

services that they rendered. Each DME company must sign certifications, including, among other things that:

> I understand that payment of a claim by Medicare is conditioned upon the claim and the underlying transaction complying with such laws, regulations and program instructions (including, but not limited to, the Federal anti-kickback statute).

## Conspiracy

4. From at least in or around 2015, and continuing up to and August 2017, in the District of South Carolina and elsewhere, the defendant, **DAVID HAYES**, and others, knowingly and intentionally combined, conspired, confederated, agreed, and had a tacit understanding to:

   a. knowingly defraud the United States by impairing, obstructing and defeating, and attempting to impair, obstruct, and defeat the lawful functions of the United States Department of Health and Human Services in the administration of Medicare;

   b. knowingly making a false claim to a department of the United States, in violation of Title 18, United States Code, Section 287.

   c. knowingly offering and paying remuneration, including kickbacks, directly and indirectly, overtly and covertly, in cash and in kind, to any person to induce a person to refer an individual to a person for the furnishing and arranging for the furnishing of any item or service for which payment may be made in whole and in part under a Federal health care program, that is, Medicare, in violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A);

   d. knowingly offering and paying remuneration, including kickbacks and bribes, directly and indirectly, overtly and covertly, in cash and in kind, to any person to induce such person to purchase, and arrange for and recommend purchasing and ordering any good,

for which payment may be made in whole and in part under a Federal health care program, that is, Medicare, in violation of Title 42, United States Code, Section 1320a-7b(b)(2)(B).

## Purpose of the Conspiracy

5.     It was the purpose of the conspiracy for the defendant, **DAVID HAYES**, and others, to enrich themselves and maximize profits at the expense of the United States and patients by participating in the following scheme.

## Manner and Means of the Conspiracy

6.     The manner and means of the conspiracy operated substantially as follows and include, but were not limited to:

a.     The DME companies entered into agreements with offshore call centers, to purchase completed product orders so that the companies could bill Medicare. The product orders were documented and tracked through a website.

c.     The DME companies would receive a file transfer from the offshore call centers that included a physician's prescription, the Medicare patient's information, and the DME that was to be shipped to the patient.

d.     The DME companies would receive invoices that disguised the fact that what was being purchased was completed product order.

e.     To maximize doctors signing the prescriptions, patients were incentivized to use telemedicine doctors. The telemedicine doctors did not have relationship with the Medicare patients, and could not physically examine them.

Overt Acts

7.  In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the District of South Carolina;

a. On or about October 30, 2015, **Cumberland Medical Equipment Company** billed Medicare $1,936.11, for Medicare patient V.M., claim number 15301709454000.

All in violation of Title 18, United States Code, Section 371.

**FORFEITURE**

A.  CONSPIRACY:

Upon conviction for violation of Title 18, United States Code, Section 371 (conspiracy to violate 18 U.S.C. §§ 287) as charged in Count 1 of this Information, the Defendant, defendant, **DAVID HAYES**, shall forfeit to the United States any property, real or personal, constituting, derived from or traceable to proceeds the Defendant and Defendant companies obtained directly or indirectly as a result of such offense.

B.  PROPERTY:

Pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1) and 982(a)(7), and 28 U.S.C. § 2461(c), the property subject to forfeiture includes, but is not limited to, the following:

    A.  Cash Proceeds/ Forfeiture Judgment:

    A sum of money equal to all proceeds the Defendant and Defendant companies obtained, directly or indirectly, from the offenses charged in this Indictment, and all interest and proceeds traceable thereto, and/or that such sum equals all property derived from or traceable to their violation of 18 U.S.C. §§ 371.

C.  SUBSTITUTE ASSETS:

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the Defendant –

    (a)  cannot be located upon the exercise of due diligence;
    (b)  has been transferred or sold to, or deposited with, a third person;
    (c)  has been placed beyond the jurisdiction of the Court;
    (d)  has been substantially diminished in value; or
    (e)  has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as

incorporated by 18 U.S.C. § 982(b)(1), to seek forfeiture of any other property of the said defendant up to the value of the above described forfeitable property;

Pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(1) and 982(a)(7), and Title 28, United States Code, Section 2461(c).

_____
PETER MCCOY, JR. (JHM, DS)
UNITED STATES ATTORNEY